UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MCKESSON CORPORATION,**
a Delaware corporation,

        **Plaintiff,**

vs.                                                                       CASE NO. 8:24-cv-01399-MSS-CPT

**BENZER OH 8 LLC,** an Ohio limited liability
company; **BENZER PHARMACY HOLDING
LLC,** a Florida limited liability company;
**ALPESH PATEL,** individually, **MANISH
PATEL,** individually, and **HEMA PATEL,**
individually,

        **Defendants.**
_____/

**ORDER GRANTING MOTION FOR ENTRY OF FINAL JUDGMENT
AFTER DEFAULT AGAINST DEFENDANTS (DKT. 25) AND PLAINTIFF'S
MOTION FOR ENTRY OF FINAL JUDGMENT AFTER DEFAULT
AGAINST DEFENDANT BENZER PHARMACY HOLDING LLC (DKT. 30)
AND FINAL DEFAULT JUDGMENT IN FAVOR OF PLAINTIFF
AND AGAINST DEFENDANTS BENZER OH 8 LLC, BENZER PHARMACY
HOLDING, LLC, ALPESH PATEL,
<u>MANISH PATEL AND HEMA PATEL</u>**

Plaintiff McKesson Corporation sues defendants Benzer OH 8 LLC, an Ohio limited liability company, Benzer Pharmacy Holding LLC, a Florida limited liability company, Alpesh Patel, Manish Patel, and Hema Patel (collectively, the "Defendants") to enforce a promissory note and related guaranties. The record reflects that each of the Defendants were served with process, (Dkts. 10, 11, 12, 13, 14), and the Clerk entered defaults as to each Defendant. (Dkts. 18, 19, 20, 21, 29) By defaulting, the Defendants admit the well-pleaded facts, including that each Defendant

is liable for a default on the note. Centennial Bank v. Vazquez, No. 20-cv-2237, 2021 WL 2815223, at *2 (M.D. Fla. May 5, 2021).

McKesson moved for final default judgments as to each of the Defendants. (Dkts. 25 and 30) In support of its motions seeking final default judgments as to each of the Defendants, McKesson submitted the sworn declaration of Richard Call, which, among other things, establishes: McKesson owns and holds the promissory note for value; (Dkt. 26 at ¶ 29) Defendants' execution and delivery of the note and guaranties to McKesson; (Dkt. 26 at ¶¶ 10, 11, 12, 13, 17, 18, 22, 25) the basis for the Defendants' default upon the note and guaranties; (Dkt. 26 at ¶¶ 30, 31) McKesson's right to accelerate the amounts owed to it pursuant to the promissory note; (Dkt. 26 at ¶ 34) McKesson's demand for payment of the amounts owed to it by Defendants; (Dkt. 26 at ¶¶ 32, 34) and the amount of principal and accrued interest owed to McKesson by Defendants pursuant to the promissory note and guaranties and the calculation factor for continued accrued interest. (Dkt. 26 at ¶ 37)

"[A] court can enter a default judgment against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue." Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1134 (11th Cir. 1986). Here, the complaint sufficiently alleges the existence of a promissory note and a valid agreement to guarantee payment of the note by each of the defendant-guarantors. When "arriving at the judgment amount involves nothing more than arithmetic—the making of computations which may be figured from the record—a default judgment can be entered without a hearing of any kind." Directv, Inc. v.

2

Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003). Accordingly, Plaintiff's Motion for Entry of Final Judgment After Default Against Defendants, (Dkt. 25), and Plaintiff's Motion for Entry of Final Judgment After Default Against Defendant Benzer Pharmacy Holding LLC, (Dkt. 30), are **GRANTED**, as noted by this Court in its December 9, 2024 Orders. (Dkts. 31, 32)

Accordingly, it is hereby **ORDERED**:

1. This Court has jurisdiction of the subject matter and over the Defendants. Due and legal service of process has been had upon said Defendants. The Defaults against said Defendants, (Dkts. 18, 19, 20, 21, 29), are hereby ratified and confirmed.

2. Judgment is hereby **ENTERED** in favor of Plaintiff McKesson Corporation, whose address is 6555 State Highway 161, Irving, TX 75037, and who shall recover from Defendants Benzer OH 8, LLC, an Ohio limited liability company, whose last known address is 263 Xenia Avenue, Yellow Springs, OH 45387, and whose tax identification number is 35-2630178, and Alpesh Patel, whose last known address is 10845 Standing Stone Drive, Wimauma, FL 33598, Manish Patel whose last known address is 29346 Earth Lane, Farmington Hills, MI 48331, and Hema Patel whose last known address is 29346 Earth Lane, Farmington Hills, MI 48331, and Benzer Pharmacy Holding LLC, a Florida limited liability company, whose last known address is 5908 Breckenridge Parkway, Tampa, FL 33610, jointly and severally, the total amount of $298,413.28, plus post-judgment interest accruing from the date of entry of this judgment pursuant to 28 U.S.C. § 1961, for which sum let execution issue.

3. To the extent that McKesson also seeks a reasonable attorney's fee and costs under the terms of the note, pursuant to Local Rule 7.01, McKesson may seek entitlement to a reasonable attorney's fee and costs in a later motion.

4. Plaintiff shall immediately serve a copy of this Judgment upon the Defendants and file a certificate of service on the record.

**DONE and ORDERED** in Tampa, Florida, this 17th day of December 2024.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

*Copies furnished to*:

Kathleen S. McLeroy, Esq.
kmcleroy@carltonfields.com

Benzer OH 8, LLC
n/k/a White Oak Pharmacy
c/o Northwest Registered Agent
Service, Inc.
6545 Market Avenue North, Suite 100
North Canton, OH 44721

*and*

8465 State Road 339
Vincent, OH 45784

Benzer Pharmacy Holding LLC
5908 Breckenridge Parkway
Tampa, FL 33610

Alpesh Patel
10845 Standing Stone Drive
Wimauma, FL 33598

Manish Patel
29346 Earth Lane
Farmington Hills, MI 48331

Hema Patel
29346 Earth Lane
Farmington Hills, MI 48331